**SO ORDERED.**

**SIGNED this 13 day of December, 2016.**



_____
**David M. Warren
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                           CASE NO. 09-10026-8-DMW

**LAWRENCE CARY**
                                                                        CHAPTER 7
            **DEBTOR**

ORDER DENYING MOTION TO REOPEN CASE
AND MOTION TO ADD CREDITOR

This matter comes before the court upon the Motion to Reopen and Motion to Add Corporate Creditor respectively filed by Lawrence Cary ("Debtor") on October 17, 2016 and November 2, 2016. The court conducted a hearing ("Hearing") on November 8, 2016 in Raleigh, North Carolina. The Debtor appeared *pro se*, and William F. Braziel III, Esq. appeared on behalf of Michael D. Neal & Associates, Inc. ("MDNA"). Also appearing briefly was Michael B. Sosna, Esq. ("Sonsa"), former counsel for the Debtor.[1] Based upon the evidence presented and arguments of the parties, the court makes the following findings of fact and conclusions of law:

---

[1] After the Debtor filed *pro se* the Motion to Reopen, Sonsa filed a Motion for Order Allowing Withdrawal of Counsel which was pending at the time of the Hearing. On November 9, 2016, the court entered an Order Allowing Motion to Withdraw as Counsel.

JURISDICTION

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

BACKGROUND

2. The Debtor filed a voluntary petition ("Petition") for relief under Chapter 7 of the United States Bankruptcy Code on November 17, 2009, and the court appointed Walter L. Hinson, Esq. ("Trustee") to administer the case pursuant to 11 U.S.C. § 704.[2] The case was designated as "no-asset," and the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines served upon creditors and parties in interest included the following provision: "Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So."

3. On December 17, 2009, the Trustee filed a Report of No Distribution. On March 1, 2010, the Debtor received a Chapter 7 discharge ("Discharge") pursuant to § 727, and the court entered a Final Decree and closed the case.

4. At the time of the Petition, the Debtor was indebted to MDNA for the amount of $875.00 ("Debt") due under an Agreement for Stump Count Services entered into between the Debtor and MDNA on August 7, 2009. The Debtor failed to include MDNA as a creditor in his schedules filed with the court; therefore, MDNA did not receive notice of the Petition or the Discharge.

5. On October 29, 2010, in an attempt to collect the Debt, MDNA filed a Complaint against the Debtor with the District Court of Hertford County, North Carolina ("State Court"), File

---

[2] Further references to the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, excluding formal citations, will be made by section number only.

Number 10-CVD-413 ("State Court Action").  On March 6, 2015, the State Court entered a Default Judgment against the Debtor and in favor of MDNA for the amount of $875.00 plus interest and the costs of the State Court Action.[3]

6. On or about August 28, 2015, the Debtor sold real property which was subject to a judicial lien in favor of MDNA as a result of the Default Judgment.  The Debtor negotiated with MDNA a settlement ("Settlement") of the Debt for the amount of $736.42.  In response to the Settlement, MDNA filed in the State Court Action a Certificate of Cancellation of Judgment on September 4, 2015.

7. On September 1, 2015 and inconsistent with the Settlement reached just a few days earlier, the Debtor filed in the State Court Action a Motion to Set Aside Judgment and Motion to Set Aside Dismissal of Motion to Dismiss ("First Set Aside Motions").  In the First Set Aside Motions, the Debtor renewed his allegation of improper service of process set forth in the Motion to Dismiss and for the first time raised the defense that the Debt was discharged in his Chapter 7 proceeding.  In support of this defense, the Debtor referenced *In re Serge*, 285 B.R. 632 (Bankr. M.D.N.C. 2002) for the proposition that the Debtor's failure to schedule MDNA as a creditor in the case did not render the Debt non-dischargeable under § 523(a)(3), because the bankruptcy proceeding was designated as a "no-asset" case.  The State Court conducted a hearing on the First Set Aside Motions on November 23, 2015; however, the Debtor failed to appear, and the State Court entered an Order dismissing with prejudice the First Set Aside Motions.

---

[3] After learning about the State Court Action, the Debtor contacted MDNA's attorney, and despite the Discharge, the Debtor proposed settlement of the Debt. On March 17, 2011, the Debtor filed a Motion to Dismiss pursuant to Rule 12(b) of the North Carolina Rules of Civil Procedure, citing improper service of process. MDNA did not file its Response to Motion to Dismiss until January 26, 2015. No specific reason was given for the almost four-year delay in responding, other than MDNA's attorney misplaced the file and was focusing on other matters. He was reminded of the Motion for Dismiss when it appeared on a calendar call in the State Court. On February 9, 2015, the State Court entered an Order denying the Motion to Dismiss and giving the Debtor thirty (30) days to file a responsive pleading to MDNA's Complaint. When the Debtor failed to respond timely to the Complaint, MDNA proceeded with obtaining the Default Judgment.

8. On or about July 28, 2016 and again inconsistent with the Settlement reached almost a year earlier, the Debtor filed in the State Court Action a Motion to Set Aside Judgment and Motion to Rehear Default Judgment ("Second Set Aside Motions") which essentially mirrored the First Set Aside Motions. On September 28, 2016, the State Court conducted a hearing on the Second Set Aside Motions, and both the Debtor and counsel for MDNA were present and presumably addressed the Debtor's contention that the Debt was discharged in his Chapter 7 proceeding. On September 29, 2016, the State Court entered an Order ("Set Aside Denial Order") denying the Second Set Aside Motions. In the Set Aside Denial Order, the State Court referenced the Settlement as a finding in support of its denial of the Second Set Aside Motions. The Set Aside Denial Order does not specifically address the Discharge.

9. In his Motion to Reopen, the Debtor suggests that MDNA's initiation of and participation in the States Court Action violated the discharge injunction imposed by § 524, and the Debtor requests the court to reopen this case in order to remedy this alleged violation.

10. In the Motion to Add Corporate Creditor, the Debtor again requests that the court reopen this case and add Manheim Auto Auction ("Manheim") as a party-in-interest to the Motion to Reopen. Like with MDNA, the Debtor did not include Manheim in his bankruptcy schedules. In the Motion to Add Corporate Creditor, the Debtor alleges that Manheim is attempting to hold him liable for a pre-petition indebtedness owed to Manheim by Mid-South Auto Sales, a former employer of the Debtor. The Debtor indicates that Mid-South Auto Sales is defunct and now out-of-business.

DISCUSSION

11. Except as provided in § 523, a Chapter 7 discharge "discharges the debtor from all debts that arose before the date of the order for relief under [Chapter 7]. . . ." 11 U.S.C. § 727(b). Section 523 excludes from an individual debtor's Chapter 7 discharge a debt—

> neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, or the creditor to whom such debt is owed, in time to permit—
>
> (A) if such debt is not a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing . . .

11 U.S.C. § 523(a)(3)(A). The Debt is not a kind specified in §§ 523(a)(2), (4), or (6),[4] and a strict reading of § 523(a)(3)(A) suggests that the Debt is excepted from the Discharge. In the *Serge* case referenced by the Debtor, the United States Bankruptcy Court for the Middle District of North Carolina found that § 523(a)(3)(A) is never triggered in a no-asset case where creditors are instructed not to file a proof of claim. Judge Stocks explained that "because there is no bar date in a no-asset Chapter 7 case, there never can be a time in such cases when it is too late 'to permit timely filing of a proof of claim.'" *Serge*, 285 B.R. at 634 (quoting 11 U.S.C. § 523(a)(3)(A)); *accord In re Toussaint*, 259 B.R. 96, 103 (Bankr. E.D.N.C. 2000).

12. The court agrees with the Debtor that the Debt owed to MDNA was encompassed by the Discharge; however, the court is precluded from making this dischargeability ruling, because the issue was effectively adjudicated by the State Court in the Set Aside Denial Order, presenting a jurisdictional conflict previously addressed by this court. In *Toussaint*, the debtors similarly received a Chapter 7 discharge in a no-asset case. Subsequently, creditors commenced a state court action against the debtors to collect on a pre-petition indebtedness. The debtors

---

[4] These sections except from some discharges debts resulting from, *inter alia*, false pretenses, false representation, fraud, defalcation, embezzlement, larceny, and willful and malicious injury.

5

answered the creditors' complaint by providing a copy of their discharge. The state court entered judgment in favor of one of the plaintiff-creditors, finding that the creditor did not have knowledge of the debtors' bankruptcy case, and the debt was not included or discharged in the bankruptcy. *Id.* at 99. The debtors reopened their bankruptcy case and moved this court for sanctions against the creditors for initiating the state court law suit in violation of the discharge injunction.

13. In denying the *Toussaint* debtors' motion for sanctions, Judge Leonard relied upon principles of federalism established by the United States Supreme Court's Rooker-Feldman doctrine,[5] which instructs that lower federal courts cannot act as appellate courts for state court judgments. *Id.* at 100. Pursuant to 28 U.S.C. § 1334(b), bankruptcy courts and state courts have concurrent jurisdiction for determining issues arising from a debtor's failure to schedule a creditor. *Id.* When a creditor initiates a state court action to collect a potentially discharged debt, the debtor generally has three options: (1) assert the discharge as an affirmative defense; (2) move to reopen the bankruptcy case for the purpose of filing a complaint for determination of dischargeability; or (3) remove the action from the state court to bankruptcy court pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure. *Id.* at 101. "If the defendant chooses to plead the bankruptcy discharge as an affirmative defense, not removing the action to bankruptcy court, then 'jurisdiction over the matter rests with the state court and does not attach to the federal court.'" *Id.* (quoting *Jeffries v. Bar J. Forest Products, Inc. (In re Jeffries)*, 191 B.R. 861, 863 (Bankr. D. Or. 1995) (citations omitted)).

14. Like the *Toussaint* debtors, the Debtor elected to raise the issue of dischargeability with the State Court when he presented it as a supporting basis for the First Set Aside Motions and the Second Set Aside Motions, which were each denied. Although the Set Aside Denial Order

---

[5] The Rooker-Feldman doctrine derives its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L.Ed. 362 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L.Ed.2d 206 (1983).

does not make an express adjudication as to the dischargeability of the Debt, the denial of Second Set Aside Motions inherently constitutes a rejection of the Debtor's dischargeability argument, and this court cannot reverse that decision.

15. This case presents the additional quandary of the post-discharge Settlement. Notwithstanding a discharge or the Code's reaffirmation requirements, nothing "prevents a debtor from *voluntarily* repaying a debt." 11 U.S.C. § 524(f) (emphasis added). "Voluntarily," within the meaning of this provision, does not encompass "repayments of discharged debts that are in any manner induced by the acts of the creditor." *In re Nassoko*, 405 B.R. 515, 524 (Bankr. S.D.N.Y. 2009) (quoting *Van Meter v. American State Bank*, 89 B.R. 32, 34 (W.D. Ar. 1988)). The Debtor argued that his agreement to the Settlement was essentially forced by MDNA as it refused to release its judgment lien on the property being sold. This assertion may very well be true, and the Settlement seemingly prompted the Debtor, almost five years after the commencement of the State Court Action, to raise the issue of dischargeability of the Debt. The Set Aside Denial Order rendered the Debt non-dischargeable; therefore, the Settlement becomes nothing more than an accord and satisfaction and a compromise between the parties, notwithstanding the effect of the Discharge.

16. "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). As a result of the Set Aside Denial Order, this court no longer has jurisdiction to make a determination of dischargeability under § 523(a)(3) or to grant any other relief to the Debtor with respect to the Debt and actions of MDNA; therefore, no cause exists to reopen the case.

17. Finally, the court turns to the Motion to Add Corporate Creditor which was not addressed through evidence, a proffer of evidence or even through argument by the Debtor at the

7

Hearing. The Debtor has failed to prosecute the Motion to Add Corporate Creditor and has provided no support that Manheim is violating the discharge injunction that warrants a reopening of the case. Without even a fundamentally basic showing, the court cannot grant the relief requested, and the Motion to Add Corporate Creditor cannot be granted; now therefore,

IT IS ORDERED, ADJUDGED, AND DECREED that the Motion to Reopen and the Motion to Add Corporate Creditor be, and hereby are, denied.

**END OF DOCUMENT**