IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| IN RE: <br><br> LAWRENCE CARY <br><br> DEBTOR | No. 5:16-CV-943-BR |
| IN RE: <br><br> LAWRENCE CARY <br><br> DEBTOR | No. 5:17-CV-84-BR |

<u>ORDER</u>

This matter is before the court on the notices of appeal of debtor Lawrence Cary from the orders of United States Bankruptcy Judge David M. Warren entered on 13 December 2016 and 16 February 2017.

In Case No. 5:16-CV-943-BR, Cary appeals the bankruptcy court's 13 December 2016 denial of his motions to reopen his Chapter 7 bankruptcy proceeding and to add creditor Manheim Auto Auction as a party-in-interest. On 27 December 2016, Cary filed an application to proceed without prepaying fees or costs on appeal (which was referred to the bankruptcy court for ruling). On 3 January 2017, the bankruptcy court recommended that this court dismiss the notice of appeal for Cary's failure to designate items to be included in the record on appeal pursuant to Federal Rule of Bankruptcy Procedure 8009, after the court had previously directed

Cary to this rule for compliance.  On 27 January 2017, Cary filed a "motion to dismiss" that recommendation.  On 16 February 2017, in Case No. 5:17-CV-84-BR, Cary filed a notice of appeal from the bankruptcy court's order of the same date denying his application to proceed without prepaying fees or costs on appeal and requiring him to pay the filing fee of $298.00 for the notice of appeal within ten days.  On 27 February 2017, Cary filed a document entitled "record on appeal."

      Before consideration of Cary's appeal from the bankruptcy court's 13 December 2016 order, the court considers whether he must pay the filing fee associated with that appeal.  The current fees associated with the filing of an appeal from the bankruptcy court total $298.00.  See 28 U.S.C. § 1930(c) ($5 notice of appeal) & Bankruptcy Court Miscellaneous Fee Schedule ¶ 14 ($293 appeal).  Courts generally recognize that these fees may be waived in the court's discretion.  See In re Young, No. 16-60353, 2017 WL 660642, at *1 (Bankr. W.D. Va. Feb. 14, 2017) ("The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005[, 28 U.S.C. § 1930,] empowered bankruptcy courts to rule on applications to waive the fees for filing an appeal by a Chapter 7 debtor, whether or not the debtor qualified for waiver of the case filing fee." (citation omitted)); In re Ray, No 16-40111, 2016 WL 3211449, at *1 (Bankr. S.D. Ga. June 1, 2016) ("Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 . . ., bankruptcy courts acquired explicit authority to rule on applications to waive the fees for the filing of an appeal by a chapter 7 debtor, whether or not the debtor qualified for waiver of the case filing fee"); In re Jackson, No. DK 13-07534, 2014 WL 3579294, at *1 (Bankr. W.D. Mich. July 11, 2014) (recognizing that although "[t]he court is not aware of any specific Judicial Conference policy regarding waiver of fees for filing notices of appeal under 28 U.S.C. § 1930(f)(3), . . . judicial policy, in general tends to relax the fee burdens imposed on impecunious

debtors"); 4 Guide to Judicial Policy § 820.40(a) (Mar. 11, 2015) ("In addition to fees due at filing, other fees scheduled by the Judicial Conference under 28 U.S.C. §§ 1930(b) and (c) may be waived, in the discretion of the court, for an individual debtor whose filing fee has been waived, or for whom the totality of circumstances during the pendency of the case and appeal warrant such waiver upon request."), http://www.uscourts.gov/rules-policies/judiciary-policies/bankruptcy-case-policies.  An abuse of discretion occurs "when a court has failed to consider judicially recognized factors constraining its exercise of discretion, or when it has relied on erroneous factual or legal premises." United States v. Hedgepeth, 418 F.3d 411, 419 (4th Cir. 2005) (citations and internal quotation marks omitted).

In his notice of appeal from the 16 February 2017 order, Cary takes issue with the bankruptcy court's suggestion that he obtain a job to pay the court costs and that he pay them within 10 days.  According to Cary, the bankruptcy court's reasoning is flawed because it is in disregard for the service that Veterans (like Cary) have provided to this country.  In declining to waive Cary's appellate fee, the bankruptcy court apparently rested its decision on the fact that Cary is currently taking 12 hours of online educational courses and that physical limitations do not prevent him from being gainfully employed at least part-time.  While this court accepts those factual findings, the court finds it appropriate to affirm the bankruptcy court's ruling on an alternative ground.  See MM ex rel. DM v. Sch. Dist. of Greenville Cty., 303 F.3d 523, 536 (4th Cir. 2002) (recognizing appellate court is entitled to affirm lower court "on alternate grounds, if such grounds are apparent from the record" (citation omitted)).

For waiver of the appeal fee, "the Judicial Conference has instructed courts to apply the standard of eligibility for waiver of the chapter 7 case filing fee." Ray, 2016 WL 3211449, at *2 (citing 4 Guide to Judicial Policy § 820.40(b)-(c)).  Under that standard,

the district court or the bankruptcy court may waive the filing fee . . . if the court determines that such individual has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments.

28 U.S.C. § 1930(f)(1). "The 'income official poverty line' refers to the poverty guidelines periodically updated by the United States Department of Health and Human Services [("HHS")]." Ray, 2016 WL 3211449, at *2 (citing 4 Guide to Judicial Policy § 820.20(a)(1)(A)). For 2017, for a one-person household, like Cary's, the HHS poverty guideline is $12,060, https://aspe.hhs.gov/poverty-guidelines; 150 percent of that amount is $18,090, or $1508 per month. Cary's application to proceed without prepayment of fees or costs indicates that he receives $1864 in gross income (retirement and disability) each month. His application also indicates that he has monthly expenses of $1190. Cary's income is *more* than 150 percent of the applicable poverty guideline, and his gross monthly income exceeds his monthly expenses by more than $650. For these reasons, the bankruptcy court did not abuse its discretion in denying Cary a waiver of the appellate fee.

The bankruptcy court's 16 February 2017 order is AFFIRMED. The Clerk is DIRECTED to close Case No. 5:17-CV-84-BR.

Within 30 days of the date of this order, Cary shall pay to the Clerk, U.S. Bankruptcy Court, the total fee for a notice of appeal, $298. **The court warns Cary that if he fails to comply with this order, his appeal from the bankruptcy court's 13 December 2016 order may be dismissed.**

This 26 April 2017.

_____
W. Earl Britt
Senior U.S. District Judge